```
                    FILED _____ LODGED
             _____ RECEIVED ____ COPY

                     MAY 13 2004

             CLERK U S DISTRICT CO
                 DISTRICT OF ARIZONA
             BY                        DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| ALVINA M. SIEMER, On Her Own Behalf and All Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br>ASSOCIATES FIRST CAPITAL CORP.; et al.,<br><br>    Defendants. | No. CV 97-281-TUC-JMR;<br>     CV 97-310-TUC-JMR<br><br>**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND MODIFYING CERTIFICATION OF CLASS** |
| ALFONSO GAMBOA, On His Own Behalf and On Behalf of HELEN GAMBOA, and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br>ASSOCIATES FIRST CAPITAL CORP., et al.,<br><br>    Defendants. | |

Plaintiffs' Motion for Final Approval of the Stipulation of Settlement came on for hearing on the 10th day of May, 2004; appearances having been made on behalf of Plaintiffs and Defendants. Defendants joined in Plaintiffs' motion.

5203076



I.  **Findings**

Based upon the oral and written argument and the submissions of the parties in connection with the Motion, the Court makes the following findings of fact solely for purposes of evaluating the Stipulation of Settlement:

A.  **Context of the Action**

1.  On March 29, 2001, the Court in its opinion adopting Magistrate Judge Carruth's Report and Recommendation certified the following class: [A]ll residents of the State of Arizona who, during the period from January 1, 1983, through the present were sold credit life insurance using a standardized form document entitled "Insurance Schedule" in connection with any real loan made by Defendants, in which the credit life insurance will not pay off the loan in the event of their death during the term of coverage [the "Arizona Certified Class"].

2.  On or about March 6, 2001, the Federal Trade Commission (the "FTC") filed a complaint captioned Federal Trade Commission v. Citigroup, Inc., et al., File No. 1:01-CV-00606 (JTC)(N.D. Ga.). On or about September 19, 2002, Defendants, as well as other affiliated entities, entered into a settlement with the FTC involving Defendants' and their affiliates' credit life insurance sales practices between December 1, 1995 and November 30, 2000 that was then preliminarily approved by the court in that action ("Georgia Federal Court"), and which settlement was amended on February 26, 2003 ("FTC Settlement").

3.  On or about September 17, 2002, Defendants as well as other affiliated entities entered into a Stipulation of Settlement in connection with a pending action in the San Francisco Superior Court ("California Court") that sought to resolve, among other things, nationwide claims challenging Defendants' and their affiliates' credit life insurance sales practices between December 1, 1995 and November 30, 2000 ("National Class Settlement"). On May 2, 2003, the California Court entered an Order Certifying Class, Approving Class Action Settlement and Awarding Attorneys' Fees

5203076

("California Final Order"). By virtue of the California Final Order, the FTC Settlement became final. Moreover, the Court is informed that while there were appeals filed of the California Final Order, those appeals have been withdrawn.

4. Part of the National Class Settlement contemplated relief for those members of the Arizona Certified Class that were not included as part of the National Class Settlement; namely, those individuals who purchased credit life insurance in connection with a real estate secured loan originated by Defendants after January 1, 1983 but excluding the period between December 1, 1995 and November 30, 2000 that was encompassed by the National Class Settlement. The National Class Settlement provides that relief would be on the same terms as the relief that is provided to the Credit Insurance Sub-Class as defined in the National Class Settlement.

5. On January 9, 2004, Plaintiffs Motion for Preliminary Approval of the Stipulation of Settlement came on for hearing.

6. On January 14, 2004, the Court signed the Order Preliminarily Approving Class Action Settlement And Modifying Certification of Class ("Preliminary Approval Order").

7. Among other things, the Preliminary Approval Order approved the proposed notice to the class and scheduled the Final Settlement Hearing on May 10, 2004, at 1:30 p.m.

**B.     Jurisdiction.**

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1367.

**C.     Class Certification.**

9. Because the Court previously has entered an Order certifying the Arizona Certified Class, the proposed class to be certified in the Stipulation of Settlement is co-extensive with that previously certified class, except it excludes those individuals who are part of the National Class Settlement. As part of the prior

5203076

certification, the Court found that law firms of Milberg Weiss Bershad Hynes & Lerach, LLP, Hubbard & Biederman, LLP, Finkelstein, Thompson & Loughran; Becker, Hadeed, Kellogg & Berry, P.C.; the Law Offices of Patricia D. Ryan, and Bonnett, Fairbourn, Friedman & Balint, P.C. adequately represented the interests of the Arizona Certified Class, which finding it expressly reaffirms.

### D.  Class Notice.

10. The class notice previously approved by this Order fairly and adequately informs the class members of the nature of the action, the terms of the proposed settlement, the effect of the settlement, and class members' rights to exclude themselves from the action or object to the proposed Stipulation of Settlement.

11   The distribution of class notice by mail to class members at their last known addresses or such updated address as has been provided is the best notice practicable under the circumstances and it reasonably calculated to communicate actual notice of the litigation and the proposed settlement to class members. Individually mailed notice is the preferred means for distributing class notice. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176 (1974).

12. Defendants sent the class notice to the last know addresses or such updated address as has been provided of each class member by first class mail, postage prepaid, within sixty (60) days of May 10, 2004, or by March 10, 2004.

### E.  The Settlement.

13. The Stipulation of Settlement was entered into following extensive litigation, and from extensive arms' length negotiation between the parties' experienced counsel with the help of experienced neutral mediators. Moreover, the treatment of the Arizona Class Members is consistent with the treatment afforded under the terms of the FTC Settlement approved by the Georgia Federal Court, and the National Class Settlement that was approved by the California Court. Accordingly, the Stipulation of Settlement is within the range of possible settlements suitable for final approval as fair,

5203076

reasonable, and adequate and in the best interest of the Arizona Class (as defined below).

### F. Objections.

14. Neither the Court, Plaintiffs' counsel, nor Defendants' counsel have received any objections to the Stipulation of Settlement.

### G. Requests for Exclusion or Opt-Outs.

15. Neither the Court, Plaintiffs' Counsel, nor Defendants' counsel have received any Requests for Exclusion.

## II. Orders

Based upon the foregoing findings and good cause appearing, it is Ordered, Adjudged, and Decreed as follows:

### A. Class Certification.

1. The Court modifies the Arizona Certified Class as follows: All customers of Defendants in the State of Arizona who purchased Credit Life insurance in connection with a real-estate secured loan originated by Defendants at any time after January 1, 1983, but excluding the period between November 30, 1995 and December 1, 2000, and excepting (a) consumers who purchased a Credit Life Insurance product but then cancelled it and obtained a full premium refund; and (b) consumers who have released, individually or as part of a class, any and all claims related to Credit Life Insurance purchased in connection with loans originated by Defendants [the "Arizona Class"].

### B. Final Approval

2. The Court finally approves the Stipulation of Settlement.

3. The Court orders the parties to perform their obligations pursuant to the Stipulation of Settlement.

### C. Release of Claims

4. The Second Amended Class Action Complaint and all claims and causes of action asserted therein are hereby dismissed on the merits and with

5203076

prejudice, as to the named plaintiffs; with prejudice as to all Arizona Class Members to the extent of the claims that are the subject of the Release contained in Section VII of the Stipulation of Settlement, and without prejudice as to all Arizona Class Members as to claims that are not the subject of the Release in Section VII of the Stipulation of Settlement.

   5. The named Plaintiffs and all Arizona Class Members, are bound by the release provision contained in paragraph VII of the Stipulation of Settlement.

**D.** **Attorneys' Fees**

   6. Pursuant to the terms of the Stipulation of Settlement, there is no award of any attorneys' fees and expenses to Plaintiffs' and the Arizona Class' counsel.

**E.** **Continuing Jurisdiction**

   7. Neither this Order and Judgment nor the Stipulation of Settlement are an admission or concession by Defendants of any fault, omission, liability, or wrongdoing.  This Order and Judgment is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of wrongdoing by the Defendants. The final approval of the Stipulation of Settlement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Plaintiffs, the Arizona Class, or Defendants.

   8. Without affecting the finality of this Final Order and Judgment in any way, the Court retains jurisdiction over: (1) implementation and enforcement of the Stipulation of Settlement pursuant to further orders of the Court, until such time as the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Stipulation of Settlement, including the payments from the Arizona Redress Process; (2) any other action necessary to conclude this settlement and implement the Stipulation of

5203076

- 7 -

1  Settlement; (3) the enforcement, construction, and interpretation of the Stipulation of
2  Settlement including, but not limited to, any dispute concerning any Arizona Class
3  Members' release of claims.

   DATED:     May, *10th*, 2004

   _____
   Hon. John M. Roll
   United States District Court Judge

5203076